# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6297 | **DATE** | February 14, 2011 |
| **CASE TITLE** | *Northington v. H&M International* | | |

**DOCKET ENTRY TEXT:**

Magistrate Judge Mason's January 12, 2011, R&R [131] regarding the plaintiff's "revised motion for proper sanction" [88] is before the court. For the reasons set forth below, the court adopts the R&R and grants in part and denies in part the plaintiff's motion. The status hearing set for 2/15/2011 at 11:00 a.m. is reset to 3/15/2011 at 11:00 a.m. The court strongly urges the parties to reach agreement regarding the remaining discovery and the amount of sanctions in this 2008 case.

■[ For further details see text below.]

## STATEMENT

Magistrate Judge Mason's January 12, 2011, Report and Recommendation ("R&R") [131] regarding the plaintiff's "revised motion for proper sanction" [88] is before the court. The 40-page R&R details the defendant's unfortunate failure to meet its discovery obligations. Specifically, the magistrate judge found that the defendants did not properly preserve evidence or respond to certain discovery requests. Neither party objected to the R&R and the time to do so has passed. *See* Fed. R. Civ. P. 72. Accordingly, the court adopts the magistrate judge's comprehensive summary of the relevant facts. It also finds that the magistrate judge properly balanced the equities and that the recommended sanctions are warranted and appropriate. Thus, plaintiff's "revised motion for proper sanction" [88] is granted in part and denied in part as follows:

1. The plaintiff's request that defendant be barred from asserting a defense as to liability based on its discovery misconduct is denied.

2. Defense counsel is ordered to search all of the defendant's electronic media (including its email system) and hard copy files that might contain information responsive to any aspect of the plaintiff's original Request for Production V. With respect to electronic media, defense counsel should not limit

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

the key search terms to the three terms previously used by defendant, but must also include misspellings of plaintiff's first name as well as other key terms reasonably related to each of the topics set forth in Request for Production V. Those searches should cover the time period of February 2006 through October 2008, inclusive. Defense counsel should complete such searches and produce any nonprivileged, responsive documents not previously produced to plaintiff, within thirty days from the date this order is entered on the court's docket.

If any material information produced by the defendant was not previously disclosed in any form to plaintiff in discovery, the plaintiff may file a timely motion for leave to take additional but narrow discovery related to that new, material information. Any such motion shall set forth the specific additional discovery sought and the particular reasons why such discovery is necessary.

3. At trial, the jury shall be instructed that beginning in July 2008, the defendant had a duty to preserve all electronically stored information, including emails, concerning the plaintiff's allegations but did not do so. In addition, the defendant is barred from arguing that the absence of discriminatory statements is evidence that no such statements were made.

4. The defendant is assessed the reasonable costs and fees for the plaintiff's preparation of her "revised motion for proper sanction" and related submissions (Docket Nos. 88, 97, 121, and 129). The parties shall meet and confer regarding those costs and fees and attempt to reach agreement. If they do, the parties shall file a joint statement summarizing their agreement within twenty-one days from the date this order is entered on the court's docket.

If the parties cannot reach an agreement, the plaintiff shall file her fee petition, with any privileged documents to be submitted in camera only, within twenty-one days from the date this order is entered on the court's docket. The defendant's response shall be filed two weeks thereafter. The parties are advised that if the court concludes that either party's position is unjustified, it may award additional sanctions against the defendant or refuse to award the plaintiff all the fees and costs she seeks.